The Honorable Art Givens State Representative 300 Spring Building, Suite 1004
Dear Representative Givens:
This is in response to your request for an opinion on the following question:
 Can the mayor exercise supervisory control over a public facilities board (A.C.A. 14-137-101 et seq.), or is the board autonomous?
We cannot conclude that a public facilities board ("board") created pursuant to A.C.A. 14-137-107 is completely autonomous in light of the clear authority of the mayor to remove a board member for "misfeasance, malfeasance, or willful neglect of duty." A.C.A. 14-137-108(f). The board must, moreover, submit an annual report to the municipality or county concerning its activities for the year. A.C.A. 14-137-123. And it should also be noted that the legislature has designated each public facilities board as ". . . a public instrumentality of the municipality or county creating the board." A.C.A. 14-137-114.
However, several other specific code provisions must be considered with respect to the mayor's general supervisory authority over the board's exercise of powers granted under A.C.A. 14-137-101, et seq. A review of Sections 14-137-104 and 14-137-107 compels the conclusion that the extent of the board's autonomy in this regard may be determined by the creating ordinance.
Section 14-137-104(c) states as follows:
 Notwithstanding any other provisions of state law or ordinance of any municipality or county to the contrary, except as otherwise expressly provided in this chapter, none of the powers granted to a board under the provisions of this chapter shall be subject to the supervision or regulation or require the approval or consent of the state, or of any municipality, county, or political subdivision of the state, or of any commission, board, body, bureau, official or agency of the state or any municipality, county, or political subdivision.
Section 14-137-107 then offers further guidance wherein it states in pertinent part as follows with regard to the creating ordinance:
 (a) Each public facilities board shall be created by ordinance of the governing body. The ordinance:
* * *
(2)(A) Shall specify the powers granted to the board; and
 (B) May place specific limitations on the exercise of the powers granted, including limitations on the board's area of operations, the use of public facilities projects of the board, and the board's authority to issue bonds.
It thus appears that the creating ordinance will determine the nature and extent, if any, of the mayor's supervisory control over the board (other than the mayor's specific removal powers under14-137-107(a)(2) could, conceivable, include such control. It may be concluded in the absence of such a limitation that the powers granted to the board are not, generally, subject to supervisory control by the mayor. See 14-137-104(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth Walker.